UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: )
)
   CLAIRE DONA LOUIS ) Case No. 07-13019-SSM
   COREY EDWARD BAILEY ) Chapter 7
)
             Debtors )

**MEMORANDUM OPINION AND ORDER**

     Before the court is the motion of W. Clarkson McDow, Jr., United States Trustee, Region Four, to dismiss this case as an abuse of chapter 7. The debtors, who have represented themselves in this case, did not respond to the motion and did not appear at the hearing held on April 15, 2008. For the reasons stated, the motion to dismiss will be granted.

<u>Background</u>

     Clair Dona Louis and Corey Edward Bailey ("the debtors") are husband and wife. They filed a voluntary petition int his court on October 17, 2007, for adjustment of their debts under chapter 13 of the Bankruptcy Code. Ms.Louis is a social worker who earns $4,115 a month, while Mr. Bailey is a web developer who earns $7,094 per month. Their schedules of liabilities listed $560,442 in secured debt and $72,811 in unsecured debt. They filed a proposed repayment plan which was objected to by both the chapter 13 trustee and the holder of the second deed of trust against their residence. The objections were sustained, and the debtors then converted their case to chapter 7 on December 28, 2007. Following the conversion, the debtors filed a chapter 7 statement of current monthly income and means test calculation. The statement reflects current monthly income of $11,209 and deductions of $12,771, for a monthly disposable income of

1

*minus* $1,562.  Among the deductions included in the means test computation are $4,977 as the average monthly payments contractually due on the two mortgages secured by the debtors' house in the 60 months following the filing of the bankruptcy case, and $467 as the 60-month average of the amount that would have been necessary to cure the arrears on those mortgages.  On January 28, 2008, the debtors filed a statement of intention stating that they intended to surrender the house.  The present motion to dismiss, which was filed by the United States Trustee on March 26, 2008, challenges the debtors' right to take a deduction for the contractual payments and cure payments on the two mortgages and asserts that, after backing out those deductions, the debtors' monthly disposable income is actually $1,292, thereby triggering the statutory presumption of abuse.

<u>Discussion</u>

Among the far-reaching changes to bankruptcy practice made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 was the establishment of a "means test" for chapter 7 relief.  The test, which is set forth at § 707(b)(2) of the Bankruptcy Code, applies to consumer debtors whose household income exceeds the statewide median for a household of the same size.  The means test computation begins with "current monthly income," which is an arithmetic average of the income (with certain exclusions, such as social security benefits) received in the six months preceding the filing of the bankruptcy petition.  § 101(10A), Bankruptcy Code.  Deducted from this are the allowances for food, housing, transportation, and other living expenses specified in the Internal Revenue Service collection standards as well as certain additional deductions specified in the statute, including the average monthly payment becoming contractually due on secured debts in the 60 months following the filing of the

petition. § 707(b)(2)(A) and (B), Bankruptcy Code. If the resulting disposable income would pay would pay unsecured creditors $100 per month (if that would provide at least a 25% payout over five years) or $167 per month regardless of percentage, the case is presumed to be an abuse of chapter 7 and must be dismissed unless the debtor is able to demonstrate special circumstances that rebut the presumption or agrees to convert the case to chapter 13. § 707(b)(1), (2)(A)(ii) and (2)(B)(i), Bankruptcy Code. Courts have sharply divided on the question of whether a deduction from current monthly income can be taken under § 707(b)(2)(A)(iii) for contractual payments on debt secured by collateral that the debtor intends to surrender.[1] Not to oversimplify the divergent opinions, much depends on whether the court adopts a "snapshot" view of the means test (which looks solely at the debtor's situation as of the filing date) or adopts a "forward-looking" view that takes account of developments within the case.

     Although this court has not previously had occasion to rule on the issue, the arguments in favor of a snapshot view appear to be somewhat more persuasive. However, the court need not reach that issue (which in any event is complicated by the conversion of the case from chapter 13

---

[1] Examples of cases allowing the deduction are *Fokkena v. Hartwick,* 373 B.R. 645, 655 (D.Minn. 2007); *In re Lindstrom,* 381 B.R. 303, 305 (Bankr. D.Colo. 2007); *In re Benedetti,* 372 B.R. 90, 95 (Bankr. S.D.Fla 2007); *In re Mundy,* 363 B.R. 407, 412-13 (Bankr. M.D.Pa. 2007); *In re Haman*, 366 B.R. 307, 316-18 (Bankr. D.Del. 2007). Examples of contrary rulings are *In re Skaggs*, 349 B.R. 594 (Bankr. E.D. Mo. 2006); In re Harris, 353 B.R. 304, 309-10 (Bankr. E.D. Okla. 2006); *In re Ray*, 362 BR 680, 684 (Bankr. D.S.C. 2007); *In re Love* 350 B.R. 611, 615 (Bankr. M.D. Ala. 2006); *In re Burden*, 380 B.R. 194, 200 (Bankr. W.D. Mo. 2007); *In re Coleman*, 382 B.R. 759, 763 (Bankr. W.D. Ark. 2008); *In re McPherson*, 350 B.R. 38, 47 (Bankr. W.D.Va. 2006).

to chapter 7)[2] for the simple reason that the debtors have not responded to the motion to dismiss. Under the local rules of this court, if no response is filed opposing a motion, "the Court may deem the opposition waived, treat the motion . . . as conceded, and enter an appropriate order granting the requested relief." Loc.Bankr.P. 9013(H)(4). While mere lack of a response does not always entitle a party to the relief requested in its motion, the court is disinclined to enter into a particularly thorny area of statutory interpretation when the respondent party has failed to join issue. Accordingly, the court will grant the motion to dismiss. In doing so, however, the court expressly takes no position on the propriety of a means test deduction for payments becoming due on debt secured by property that a debtor intends to surrender and will leave that issue for another day and another case.

## O R D E R

For the foregoing reasons, it is

**ORDERED** that the motion to dismiss is granted, and this case is dismissed without prejudice.[3]

Date: _____              _____
                                           Stephen S. Mitchell
Alexandria, Virginia                       United States Bankruptcy Judge

---

[2] Conversion of a case from one chapter to another does not change the date of the filing of the petition. § 348(a), Bankruptcy Code. The calculation of both current monthly income and the deduction for payments on secured debt are tied to the filing date of the petition.

[3] Although dismissal is without formal prejudice to refiling, the debtors should be aware that if they file a new case within one year of the dismissal of this case, the automatic stay of creditor actions will terminate after 30 days unless, within that period, they file, and the court grants, a motion to extend the automatic stay beyond 30 days. § 362(c)(3), Bankruptcy Code.

Copies to:

Claire Dona Louis
Corey Edward Bailey
13576 Heritage Farms Drive
Gainesville, VA 20155
Debtors *pro se*

Jack Frankel, Esquire
Office of the United States Trustee
115 South Union St., Suite 210
Alexandria, VA  22314

Richard A. Bartl, Esquire
Tyler, Bartl, Gorman & Ramsdell, PLC
700 S. Washington St., Suite 216
Alexandria, VA  22314
Chapter 7 trustee